RICE

*v.*

ZIRKLE.

*(Supreme Court of Appeals of Virginia, Oct. 12, 1875.)*

### Contract for Sale of Land—Time Not Essence.*

In a contract for the sale of land free of encumbrance, time is not usually of the essence of the contract, and specific performance may be had at the hands of the seller when it appears that he is able to free the land from such encumbrances.

This was an appeal from a decree of the circuit court of Shenandoah county, refusing to decree specific performance of a certain tract of land sold by Charles E. Rice, appellant, to John H. Zirkle, appellee.

*H. C. Allen*, for appellee.

*M. Walton*, for appellant.

STAPLES, J., delivered the opinion of the court.

The court is of the opinion that time was not of the essence of the contract between the appellant and the appellee for the sale and purchase of the tract of land in question, and that it being stipulated in the written contract under seal between the parties that the land should "be freed from all incumbrances by the said E. C. Rice at his own proper costs" the purchaser was not bound to part with his pur-

---

*See foot-note to Goddin *v.* Vaughn, 14 Gratt. 102 (Va. Rep. Anno.); Griffin *v.* Cunningham, 19 Gratt. 571 (Va. Rep. Anno.).

chase money until that was done, but on the other hand the seller ought to have been allowed a reasonable time at his own costs to have removed the incumbrances from the land. It appears from the evidence in the record that he had promptly removed the specific incumbrances and a part of the general judgment liens, and it seems that he is the owner of valuable real estate besides the land sold to the appellee which together with his personal estate is ample to satisfy what remains unsatisfied of the judgment liens. And that he had not only the means but was making bona fide efforts to remove all incumbrances from the land in question, and ought to have been allowed a reasonable time to remove them. And an enquiry ought to have been directed at the plaintiff's costs to ascertain what amount of incumbrance, if any, remained upon the land. The court is of opinion that it was premature to dismiss the plaintiff's bill, and that the decree be reversed, and the cause remanded for further proceedings to be had therein in conformity with the principles herein declared and that the appellant recover of the appellee his costs in prosecuting his appeal here.

(Endorsement on Back of Opinion.)

"This opinion was not concurred in by the court. The court being equally divided and the decree below therefore affirmed."